

**State of New Jersey**

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| **PHILIP D. MURPHY**<br>*Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080 | **MATTHEW J. PLATKIN**<br>*Attorney General* |
| **TAHESHA L. WAY**<br>*Lt. Governor* | TRENTON, NJ 08625 | **JEREMY M. FEIGENBAUM**<br>*Solicitor General* |

June 19, 2025

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   Letter pursuant to Fed. R. App. P. 28(j), No. 25-1555, *Atlas Data Privacy Corp v. We Inform, LLC*

Dear Ms. Dodszuweit:

The NJAG writes regarding *Kratovil v. City of New Brunswick*, ___ A.3d ___, 2025 WL 1689346 (N.J. June 17, 2025), in which the New Jersey Supreme Court upheld Daniel's Law against an as-applied First Amendment challenge. Four points are particularly relevant.

First, in a dispute involving a journalist who sought to publish a retired police officer's home address, *Kratovil* applied the framework delineated in *Florida Star v. B.J.F.*, 491 U.S. 524 (1989). Citing *Schrader v. District Attorney of York County*, 74 F.4th 120 (3d Cir. 2023), the Court acknowledged both traditional tiers of scrutiny and *Florida Star* as potential frameworks, but applied only *Florida Star*, as Kratovil himself had urged. *Kratovil*, 2025 WL 1689346, at *13 n.5. That is the framework Judge Bartle properly applied below.

Second, *Kratovil* confirmed that Daniel's Law serves interests of the highest order: addressing "risks to the safety and privacy of law enforcement and other covered persons serving this State." *Id.* at *16; *see id.* at *14-15.



Third, *Kratovil* found this "carefully calibrated" law narrowly tailored, employing the least-restrictive means "among available, effective alternatives." *Id.* at *15 (quoting *Schrader*, 74 F.4th at 127). Initially, the Court noted, the statute applies only to "discrete categories" of "public officials viewed by the Legislature to be at particular risk," and only to home addresses and unpublished home telephone numbers. *Id.*; *see also id.* at *8 n.2 (confirming "address" means "exact street address," not simply town name). Moreover, the Court emphasized, the law's opt-in structure and notice provisions "ensure[] that the statute is not a trap for the unwary," since it does not apply "unless and until an authorized person invokes [the law's] protections" through its "strict notice requirement." *Id.* at *15. Further, Daniel's Law is not underinclusive, and unlike other statutes cited treats all private speakers the same. *Id.* at *15-16.

Notably, the Court upheld Daniel's Law even where the speech "relate[d] to a matter of public concern," expressly distinguishing the mine-run applications implicated by this facial challenge. *Id.* at *14 & n.7. That underscores that the facial relief sought here is especially unwarranted, as Judge Bartle recognized.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Michael L. Zuckerman
        Michael L. Zuckerman
        Deputy Solicitor General
        Michael.Zuckerman@njoag.gov

cc: All counsel (via ECF)
Word count: 350