UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 25-1555 through -1578, 25-1580 through -1593,
25-1676, 25-1677

_____

ATLAS DATA PRIVACY CORP.; JANE DOE 1; JANE
DOE 2; EDWIN MALDONADO; POLICE OFFICER
SCOTT MALONEY; JUSTYNA MALONEY; PATRICK
COLLIGAN; PETER ANDREYEV; WILLIAM SULLIVAN

ATTORNEY GENERAL OF NEW JERSEY,
                                       Intervenor

v.

WE INFORM, LLC; INFOMATICS, LLC; THE PEOPLE
SEARCHERS, LLC; DM GROUP, INC.; DELUXE CORP.;
QUANTARIUM ALLIANCE, LLC; QUANTARIUM
GROUP, LLC; YARDI SYSTEMS, INC.; DIGITAL SAFETY
PRODUCTS, LLC; CIVIL DATA RESEARCH, LLC; SCAL-
ABLE COMMERCE, LLC; NATIONAL DATA ANALYT-
ICS, LLC; LABELS & LISTS, INC.; INNOVIS DATA SOLU-
TIONS, INC.; ACCURATE APPEND, INC.; ZILLOW, INC.;
ZILLOW GROUP, INC.; EQUIMINE, INC.; THOMSON
REUTERS CORP.; THOMSON REUTERS HOLDINGS,
INC.; THOMSON REUTERS CANADA LIMITED; THOM-
SON REUTERS APPLICATIONS, INC.; THOMSON

REUTERS ENTERPRISE CENTRE GMBH; WEST PUBLISHING CORP.; MELISSA DATA CORP.; RESTORATION OF AMERICA; VOTER REFERENCE FOUNDATION, LLC; I360, LLC; GOHUNT, LLC; GOHUNT MANAGEMENT HOLDINGS, LLC; GOHUNT MANAGEMENT HOLDINGS II, LLC; ACCUZIP, INC.; SYNAPTIX TECHNOLOGY, LLC; VOTERRECORDS.COM; JOY ROCKWELL ENTERPRISES, INC.; FORTNOFF FINANCIAL, LLC; E-MERGES.COM, INC.; NUWBER, INC.; ROCKETREACH, LLC; BELLES CAMP COMMUNICATIONS, INC.; PROPERTYRADAR, INC.; THE ALESCO GROUP, LLC; SEARCHBUG, INC.; AMERILIST, INC.; U.S. DATA CORP.; SMARTY, LLC; COMPACT INFORMATION SYSTEMS, LLC; DARKOWL, LLC; SPY DIALER, INC.; LIGHTHOUSE LIST CO., LLC; FIRST DIRECT, INC.; GREENFLIGHT VENTURE CORP.,
          Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. Nos. 1:24-cv-04037, 1:24-cv-04041, 1:24-cv-04045, 1:24-cv-04075, 1:24-cv-04080, 1:24-cv-04098, 1:24-cv-04103, 1:24-cv-04141, 1:24-cv-04143, 1:24-cv-04160, 1:24-cv-04174, 1:24-cv-04176, 1:24-cv-04178, 1:24-cv-04256, 1:24-cv-04261, 1:24-cv-04269, 1:24-cv-04292, 1:24-cv-04324, 1:24-cv-04345, 1:24-cv-04380, 1:24-cv-04383, 1:24-cv-04385, 1:24-cv-04389, 1:24-cv-04390, 1:24-cv-04434, 1:24-cv-04609, 1:24-cv-04664, 1:24-cv-04949, 1:24-cv-05600, 1:24-cv-05656, 1:24-cv-05658, 1:24-cv-05775, 1:24-cv-07324, 1:24-cv-08075, 1:24-cv-08451,

1:24-cv-10600, 1:24-cv-11023, 1:24-cv-11443,
1:25-cv-01480, 1:25-cv-01517)
District Judge: Hon. Harvey Bartle III

———————

Argued: July 8, 2025

Before: BIBAS, FREEMAN, and CHUNG, *Circuit Judges*

———————

PETITION AND ORDER TO CERTIFY
QUESTIONS OF STATE LAW

———————

BIBAS, *Circuit Judge*.

To the Honorable Justices of the Supreme Court of New Jersey:

This Court must confront a difficult First Amendment question that depends on an equally difficult question of statutory interpretation. New Jersey recently enacted a law forcing people or companies that share home addresses and home phone numbers to stop releasing those data if a public official requests it. A diverse group of defendants facially challenges that law under the First Amendment. As they concede, the law serves compelling governmental interests. Yet it raises hard constitutional questions because it restricts their speech and seems to make them liable without fault. To resolve this case, we need to know whether and what mental state(s) the law requires for liability. But state precedents on statutory construction and constitutional avoidance point in opposite directions. Because that issue could dispose of this case, we respectfully certify

3

questions to the Supreme Court of New Jersey. *See* Third Circuit L.A.R. Misc. 110.1; N.J. Ct. R. 2:12A-1.

I.   ENFORCING NEW JERSEY'S DATA-PRIVACY LAW

In 2020, a disgruntled lawyer researched Judge Esther Salas's home address on the internet and went there to kill her. He shot and killed her son Daniel and critically wounded her husband. In response, New Jersey enacted Daniel's Law "to enhance the safety and security of certain public officials in the justice system … and the[ir] immediate family members [and] to foster the ability of these public servants … to carry out their official duties without fear of personal reprisal." N.J. Stat. Ann. § 56:8-166.3 (2024).

Daniel's Law empowers "covered persons" (active or former judges, prosecutors, police officers, child-protection investigators, and immediate family living with them) to stop people from sharing their home addresses and phone numbers. § 56:8-166.1(d). Covered persons may send a "written notice" telling the recipient not to "disclose or redisclose" their home addresses and unpublished phone numbers on the internet. § 56:8-166.1(a)(1), (2). They may also ask the recipient to stop "otherwise mak[ing]" that information "available." *Id.* The law defines "disclose" broadly to include selling, lending, giving, publishing, or offering, or making available in a database—even if no one searches the database. § 56:8-166.1(d). If the recipient keeps disclosing those data more than ten business days after being notified, the covered person can sue for actual or statutory damages of at least $1,000 per violation, attorney's fees and costs, an injunction, and (for "willful or reckless" violations) punitive damages. § 56:8-166.1(c). Covered

4

persons may assign their rights to give notice and sue to enforce Daniel's Law. § 56:8-166.1(b), (d).

Atlas Data Privacy provides services to covered persons. It identifies companies that share Atlas subscribers' personal data and sends the companies notices to stop doing so. In exchange, subscribers pay a fee and assign Atlas their claims under Daniel's Law. If Atlas brings a successful Daniel's Law claim, it shares the damages with the subscriber. About 19,000 people have subscribed to Atlas.

As alleged in the complaints, many businesses did not stop sharing the data of Atlas's subscribers within ten days. So Atlas and a group of individual plaintiffs sued a slew of companies that ignored Daniel's Law requests, seeking damages and an injunction. The defendants moved to dismiss, claiming that Daniel's Law facially violates the First Amendment twice over. First, they claimed that Daniel's Law is subject to (and fails) strict scrutiny because it regulates speech based on its content. Second, they claimed that the law impermissibly chills uncovered protected speech because it makes defendants liable without requiring any mens rea. Rejecting both claims, the District Court denied the motion to dismiss. We granted an interlocutory appeal, expedited the case, and heard oral argument.

## II.  WE ASK WHAT MENS REA DANIEL'S LAW REQUIRES

When deciding whether to certify a state-law question to a state supreme court, we consider the three *Defreitas* factors: (1) whether the resolution of the question is "unclear and control[s] an issue in the case"; (2) whether the question is important; and (3) whether judicial economy favors certification. *United States v. Defreitas*, 29 F.4th 135, 141–42 (3d Cir.

2022); N.J. Ct. R. 2:12A-1. All three factors favor certifying whether Daniel's Law requires any mens rea, and if so, what kind.

### A. The relevant questions are unclear and may be controlling

The first factor is satisfied. Daniel's Law requires a showing of "willful or reckless disregard of the law" for an award of punitive damages, but the statute does not appear to require any mens rea for other forms of relief. N.J. Stat. Ann. § 56:8-166.3(c) (2024). Whether Daniel's Law requires a mens rea for those other forms of relief could determine this case's outcome. The District Court, applying constitutional avoidance and other interpretive canons, read Daniel's Law to require a showing of negligence for actual or liquidated damages. But we cannot confidently predict how a state court would read the law.

*1. Whether portions of the law require a mental state could determine the outcome.* The defendants argue that a mens rea requirement is relevant to both of their facial challenges. *First*, the defendants say that the lack of a mens rea requirement suggests that Daniel's Law is overinclusive and thus not properly tailored. As the defendants see it, Daniel's Law regulates speech based on its content: its application turns on the type of speech at issue (here, covered persons' addresses and home phone numbers). *See Reed v. Town of Gilbert*, 576 U.S. 155, 163–64 (2015). Content-based restrictions on speech generally trigger strict scrutiny, which they survive only if narrowly tailored to serve a compelling governmental interest. *See id.* True, some content-based restrictions may receive a less rigorous

6

form of scrutiny if "there is no realistic possibility that official suppression of ideas is afoot." *Davenport v. Wash. Educ. Ass'n*, 551 U.S. 177, 188–89 (2007) (quoting *R.A.V. v. City of St. Paul*, 505 U.S. 377, 390 (1992)). But even then, such restrictions must "further an important governmental interest unrelated to the suppression of" speech and may "not burden substantially more speech than necessary to further that interest." *TikTok Inc. v. Garland*, 145 S. Ct. 57, 69 (2025). The Supreme Court has noted that a law's lack of a mens rea suggests inadequate tailoring. *See Fla. Star v. B.J.F.*, 491 U.S. 524, 539, 541 (1989). So if portions of Daniel's Law call for strict liability, that may mean that they fail whichever tier of scrutiny applies.

*Second*, the defendants argue that the lack of a mens rea requirement risks chilling protected speech that is not covered by Daniel's Law. The U.S. Supreme Court has suggested, though not expressly held, that laws proscribing expression that is categorically unprotected by the First Amendment must have a mens rea. Four lines of cases point that way: those covering obscene material, true threats, incitement to violence, and defamation. *See Counterman v. Colorado*, 600 U.S. 66, 75–78 (2023) (summarizing cases). In each, the Court has held that if a law lacks a mens rea and its absence would chill lawful speech, that lack violates the First Amendment. *Id.* Indeed, a mens rea may be especially important where, as here, the challenged law targets *protected* rather than unprotected speech.

To be sure, the four lines of doctrine discussed in *Counterman* do not all require the same mens rea—something like purpose or knowledge for obscenity or incitement, and only recklessness for true threats and defamation. *See id.* at 80–81. But

7

collectively, they suggest that when a law risks chilling protected speech, a mens rea requirement is needed to protect against that danger. Perhaps Daniel's Law is the rare law that regulates speech without having a meaningful chilling effect, because the criterion that justifies restricting the speech (that the speech consists of covered persons' home addresses and unlisted phone numbers) is clear and objective. Even so, companies have only ten business days to take down these data, which may not be enough time to process the request. To avoid liability, they may take down more data than required. So it is at least possible that Daniel's Law chills speech that it does not cover, which may make parts of it unconstitutional unless one reads some mens rea into the law.

*2. We cannot tell whether Daniel's Law implicitly requires mens rea because competing legal principles point in opposite directions.* Setting aside punitive-damages claims, Daniel's Law has no explicit mens rea. And under the expressio unius canon, by expressly including a mens rea for punitive damages (willfulness or recklessness), the law may implicitly exclude any mens rea for other remedies. §56:8-166.1(c)(2). Plus, an earlier version of the law expressly required negligence about whether disclosing the information to others would risk harassment or injury. 2020 N.J. Sess. Law Serv. Ch. 125 §6 (2020). But the legislature later removed that language. So the statute's text does not seem to require a mens rea for actual or statutory damages, injunctions, and attorney's fees and costs. §56:8-166.1(c)(1), (3), (4).

On the other hand, the law may well call for a mens rea implicitly. We see four parts of the law that might do so:

> 1) the verbs "disclose or redisclose … or otherwise make available";
> 2) the requirement of "notification";
> 3) the person's status as a "covered person"; and
> 4) the requirement that a defendant "violates" subsection (a).

New Jersey law points both ways on whether and when to infer implicit requirements in a statute. As a rule, if a statute can be read two ways, one constitutional and the other not, the New Jersey Supreme Court prefers the constitutional reading. *State v. Carter*, 255 A.3d 1139, 1153 (N.J. 2021). Historically, the New Jersey Supreme Court freely rewrote statutes to avoid constitutional problems. *See, e.g.*, *State v. DeSantis*, 323 A.2d 489, 493–94 (N.J. 1974) (incorporating the U.S. Supreme Court's definition of obscenity into a state statute to "judicially salvage" it). But the New Jersey Supreme Court has since narrowed its constitutional-avoidance doctrine, disclaiming the power to "read" into a statute "a mens rea element that is absent from [it]." *State v. Pomianek*, 110 A.3d 841, 855 (N.J. 2015). Yet in a post-*Pomianek* case (though one not involving mens rea), the New Jersey Supreme Court re-embraced a more flexible approach, saving a juvenile mandatory-sentencing statute by reading in a proviso letting them "petition the court to review their sentence after 20 years." *State v. Comer*, 266 A.3d 374, 401 (N.J. 2022). Plus, common-law background principles may influence how to interpret the statute. *See Marshall v. Klebanov*, 902 A.2d 873, 881 (N.J. 2006) (explaining that doubts about the construction of statutes should be resolved to "make[ ] the least rather than the most change in the common law." (internal quotation marks omitted)). Given these

conflicting cases, we hesitate to guess whether and how a state court would read the law to require a mental state.

### B. The questions are important

On the second *Defreitas* factor, the questions are important and most suitable for the New Jersey Supreme Court. New Jersey unanimously enacted the original version of this law in the wake of a tragic crime that made national headlines. The state has a strong interest in interpreting its own law—particularly if a federal court is unsure of its constitutionality. Under New Jersey precedents, there are conflicting views about judges' power to save statutes from constitutional infirmities. The New Jersey Supreme Court is best suited to tackle that conflict. *See Blue Cross & Blue Shield of Ala. v. Nielsen*, 116 F.3d 1406, 1413 (11th Cir. 1997) (deferring to the state court when canons of construction point in different directions). Plus, Daniel's Law balances competing public policies: protecting public servants from physical danger and fear in the performance of their duties on the one hand, and state residents' rights to speak and learn about their public officials on the other. *See id.* (explaining that state high courts are best suited to resolve questions of competing policies); *Chauca v. Abraham*, 841 F.3d 86, 94 (2d Cir. 2016) (same). Finally, this case alone involves dozens of actions, and dozens more have been remanded to the New Jersey state courts.

### C. Judicial economy favors certification

On the third *Defreitas* factor, certification would promote judicial economy for both state and federal courts in several ways. New Jersey law does not tell us the answer to our questions. To resolve this case, we—and other courts facing similar

matters—would benefit from an authoritative construction of the state statute by the New Jersey Supreme Court. So questions about the law are likely to recur. Certification will give us, litigants, other courts, and the public clear answers.

\* \* \* \* \*

Because all three *Defreitas* factors favor certification, we certify these questions to the New Jersey Supreme Court.

### III. QUESTIONS TO CONSIDER

1. Does Daniel's Law, N.J. Stat. Ann. §56:8-166.1 (2024), require a mens rea for any of its elements?

2. If so, what level of mens rea is required for each element?

The New Jersey Supreme Court may reformulate these questions. *See* N.J. Ct. R. 2:12A-4(c). We are grateful for its careful consideration. We shall retain jurisdiction of the appeal pending resolution of this certification.

By the Court,

s/ Stephanos Bibas
Circuit Judge

Dated: September 2, 2025



A True Copy:

Patricia S. Dodszuweit, Clerk

**Appendix: Names and Addresses of Counsel of Record**

David Boies          [ARGUED]
Eric M. Palmer
Samantha D. Parrish
Adam R. Shaw
Mark C. Mao
BOIES SCHILLER FLEXNER
333 Main Street, Suite 301
Armonk, NY 10504

Kathleen B. Einhorn
Jessica A. Merejo
Rajiv D. Parikh
PEM LAW
1 Boland Drive, Suite 101
West Orange, NJ 07052
   *Counsel for Plaintiffs-Appellees*

Kashif T. Chand
NEW JERSEY ATTORNEY GENERAL'S OFFICE
124 Halsey Street, 5th Floor
Newark, NJ 07102

Liza B. Fleming
Michael L. Zuckerman     [ARGUED]
NEW JERSEY ATTORNEY GENERAL'S OFFICE—LAW DIVISION
Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625
   *Counsel for Intervenor-Appellee*

Pamela Q. Devata
Robert T. Szyba
SEYFARTH SHAW
233 S Wacker Drive, Suite 8000
Chicago, IL 60606
   *Counsel for Defendants-Appellants We Inform, LLC, Infomatics, LLC, and People Searchers, LLC*

Melissa A. Chuderewicz
Stephanie L. Jonaitis
Angelo A. Stio, III
TROUTMAN PEPPER LOCKE
104 Carnegie Center, Suite 203
Princeton, NJ 08540
   *Counsel for Defendants-Appellants DM Group, Inc., Deluxe Corp., Rocketreach, LLC, and PropertyRadar, Inc.*

Clair E. Wischusen
GORDON REES SCULLY MANSUKHANI
277 South Washington Street, Suite 550
Alexandria, VA 22314
   *Counsel for Defendants-Appellants Quantarium Alliance, LLC, Quantarium Group, LLC, and Nuwber, Inc.*

Derek Shaffer
Owen Smitherman
QUINN EMMANUEL URQUHART & SULLIVAN
1300 I Street NW, Suite 900
   *Counsel for Defendant-Appellant Yardi Systems, Inc.*

Eric Lubin
LOMURRO MUNSON COMER BROWN & SCHOTTLAND
4 Paragon Way, Suite 100
Freehold, NJ 07728
   *Counsel for Defendants-Appellants Digital Safety Products LLC, Civil Data Research, LLC, Scalable Commerce, LLC, and National Data Analytics, LLC*

Ryan J. Cooper
COOPER
108 North Union Avenue, Suite 4
Cranford, NJ 07016
  *Counsel for Defendant-Appellant Labels & Lists, Inc.*

Jason A. Spak
TROUTMAN PEPPER LOCKE
501 Grant Street
Union Trust Building, Suite 300
Pittsburgh, PA 15219
  *Counsel for Defendant-Appellant Innovis Data Solutions, Inc.*

John E. MacDonald
CONSTANGY BROOKS SMITH & PROPHETE
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
  *Counsel for Defendants-Appellants Accurate Append Inc., Restoration of America, and Voter Reference Foundation, LLC*

Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY
50 South 16th Street
Two Liberty Place, Suite 3200
Philadelphia, PA 19102
  *Counsel for Defendants-Appellants Zillow, Inc. and Zillow Group, Inc.*

Frederick W. Alworth
Kevin R. Reich
GIBBONS
One Gateway Center
1145 Raymond Plaza West
Newark, NJ 07102
  *Counsel for Defendant-Appellant Equimine, Inc.*

Michael L. Berry            [ARGUED]
Anna Kaul
Marcel S. Pratt
BALLARD SPAHR
1735 Market Street, 51st Floor
Philadelphia, PA 19103
    *Counsel for Defendants-Appellants Thomson Reuters Corp., Thomson Reuters Canada Limited, Thomson Reuters Enterprise Centre GMBH, and West Publishing Corp.*

Omar Marouf
Michael P. O'Mullan
RIKER DANZIG
One Gateway Center
7 Giralda Farms, Suite 250
Madison, NJ 07940
    *Counsel for Defendant-Appellant Melissa Data Corp.*

Richard J.L. Lomuscio
STINSON
100 Wall Street, Suite 201
New York, NY 10005
    *Counsel for Defendant-Appellant I360, LLC*

David E. Sellinger
Aaron Van Nostrand
GREENBERG TRAURIG
500 Campus Drive, Suite 400
Florham Park, NJ 07932
    *Counsel for Defendants-Appellants GoHunt LLC, GoHunt Management Holdings, LLC, and GoHunt Management Holdings II, LLC*

Jennifer F. Delgado
Markiana J. Julceus
LOWENSTEIN SANDLER
One Lowenstein Drive

Roseland, NJ 07068
    *Counsel for Defendant-Appellant AccuZip, Inc.*

Matthew S. AhKao
Jennifer L. Magliette
Thomas C. Regan
LEWIS BRISBOIS BISGAARD & SMITH
One Riverfront Plaza, Suite 800
Newark, NJ 07102
    *Counsel for Defendants-Appellants Synaptix Technology, LLC and Voterrecords.com*

Kory A. Ferro
Kelly M. Purcaro
GREENSPOON MARDER
1037 Raymond Boulevard, Suite 900
Newark, NJ 07102
    *Counsel for Defendants-Appellants Accuzip Inc., Joy Rockwell Enterprises Inc., The Alesco Group, LLC, Alesco AI, LLC, Alesco Marketing Solutions LLC, Stat Resource Group, Inc., Response Solutions Group, LLC, Searchbug, Inc., Amerilist, Inc., U.S. Data Corp., and Darkowl, LLC*

J. Timothy McDonald
THOMPSON HINE
3560 Lenox Road
Two Alliance Center, Suite 1600
Atlanta, GA 30326
    *Counsel for Defendant-Appellant Fortnoff Financial, LLC*

H. Mark Stichel
RKW LAW GROUP
10075 Red Run Boulevard, 4th Floor
Owings Mills, MD 21202
    *Counsel for Defendant-Appellant E-Merges.com, Inc.*

Thomas P. Cialino
Stephen M. Orlofsky

Philip N. Yannella
BLANK ROME
130 North 18th Street
One Logan Square
Philadelphia, PA 19103
   *Counsel for Defendant-Appellant Belles Camp Communications, Inc.*

Kenneth D. Friedman
MANATT PHELPS & PHILLIPS
7 Times Square
New York, NY 10036
   *Counsel for Defendants-Appellants Smarty, LLC and SmartyStreets, LLC*

Taylor E. Cerinski
Jared K. Levy
Jacqueline Murphy
WOOD SMITH HENNING & BERMAN
400 Connell Drive, Suite 1100
Berkeley Heights, NJ 07922
   *Counsel for Defendants-Appellants Compact Information Systems, LLC, Accudata Integrated Marketing, Inc., AlumniFinder, ASL Marketing, Inc., College Bound Selection Service, DeepSync Labs, HomeData, & Student Research Group*

Kiran S. Raj
RAJ FERBER
1629 K Street NW, Suite 300
Washington, DC 20006
   *Counsel for Defendant-Appellant Darkowl, LLC*

Christopher Nucifora
Timothy M. Ortolani
KAUFMAN DOLOWICH
25 Main Street, Suite 500
Hackensack, NJ 07601

*Counsel for Defendant-Appellant Spy Dialer, Inc.*

Ronald L. Davison
STARR GERN DAVISON & RUBIN
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068
    *Counsel for Defendant-Appellant Lighthouse List Company, LLC*

Andrew W. Sheppard
FREEMAN MATHIS & GARY
3 Executive Campus, Suite 350
Cherry Hill, NJ 08002
    *Counsel for Defendant-Appellant First Direct, Inc.*

Jared Wichnovitz
LAW OFFICES OF JARED M. WICHNOVITZ
50 Harrison Street, Suite 206
Hoboken, NJ 07030
    *Counsel for Defendant-Appellant Greenflight Venture Corp.*

Alan J. Butler
1518 New Hampshire Avenue NW
Washington, DC 20036
    *Counsel for Amicus Electronic Privacy Information Center*

Rebekah R. Conroy
STONE CONROY
25A Hanover Road, Suite 301
Florham Park, NJ 07932
    *Counsel for Amici National Association of Assistant United States Attorneys, New Jersey State Policeman's Benevolent Association, National Association of Police Organizations, and Federal Bureau of Investigation Agents Association*

Zachery P. Keller
OHIO ATTORNEY GENERAL'S OFFICE
SOLICITOR GENERAL'S OFFICE
30 E Broad Street, 17th Floor
Columbus, OH 43215
    *Counsel for Amici 41 States and DC*

Arleigh P. Helfer, III
HELFER LAW
410 Campbell Avenue
Havertown, PA 19083
    *Counsel for Amici Foundation for Individual Rights and Expression and Reporters Committee for Freedom of the Press*

Jennifer L. Sarvadi
Robert D. Tilley
HUDSON COOK
1909 K Street NW, 4th Floor
Washington, DC 20006
    *Counsel for Amici Coalition for Sensible Public Records Access, Consumer Data Industry Association, and Software & Information Industry Association*