State of New Jersey
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE ATTORNEY GENERAL
PO BOX 080
TRENTON, NJ 08625-0080

MIKIE SHERRILL
*Governor*

JENNIFER DAVENPORT
*Attorney General*

November 4, 2026

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Atlas Data Privacy Corp v. We Inform, LLC*, No. 25-1555, Fed. R. App. P. 28(j) Response

Dear Ms. Dodszuweit,

*Jackson v. Thomson Reuters America Corp.*, No. 25-2121 (4th Cir. Oct. 27, 2026), only underscores that New Jersey's Daniel's Law survives facial constitutional review.

*Jackson* expressly recognized that statutes like New Jersey's "pass constitutional muster," even applying strict scrutiny. Op.18. As the panel explained, West Virginia's statute stands "*alone*" because it "does not require notification as a precondition of liability." *Id.* New Jersey's law, by contrast, is among the "more narrowly tailored" because it requires covered persons to "give notice of their request" that the disclosing party "remove the information" *before* liability attaches. *Id.* This ensures liability is not "automatic." Op.16. So while West Virginia's lack of notice made it impossible for defendants to know what data belongs to covered persons before disclosure, New

Jersey's law suffers no similar defect: defendants in New Jersey are liable for disclosing a given street address or home phone number only if they do so after receiving valid notice that it belongs to a covered person and that the covered person wants them to stop sharing it. *See id.*

The statutes also differ in the risk they create of "inadvertent disclosures." *Id.* While such faultless disclosures are the *rule* in West Virginia, they are the *exception* in New Jersey—to the extent they occur at all. So *Jackson* demonstrates that facial invalidation is unwarranted here. *Moody v. NetChoice*, 603 U.S. 707, 724 (2024).

To be sure, *Jackson* comes out on the wrong side of certain methodological debates concerning the standard of scrutiny. It takes a too-narrow view of our Nation's history and tradition of home privacy protections, failing to meaningfully consider *Vidal* and its progeny. *Compare* NJAG Br.19-29, *with* Op.19-20. It does not grapple with how *NetChoice* affects the commercial speech analysis. *Compare* NJAG Br.29-33, *with* Op.20-21. And it acknowledges that its application of *Florida Star* and *Smith* is cabined by precedent inapplicable here. *See* Op.19. But these methodological disagreements, all of which have been well-ventilated in the briefing, still do not change *Jackson*'s bottom-line conclusion—that statutes like New Jersey's "pass constitutional muster" even under strict scrutiny. Op.18.

Respectfully submitted,

*/s/ Michael L. Zuckerman*
Michael L. Zuckerman (NJ 427282022)
*Associate Attorney General*
Office of the Attorney General
25 Market Street, Box 080
Trenton, NJ 08625
(609) 789-8684
Michael.Zuckerman@njoag.gov

Word Count: 345
cc: All counsel (via ECF)